UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-389 (DSD/JGL)

Anthony J. Bauer and
Ann M. Bauer,

Plaintiffs,

v.

**ORDER**

Ford Motor Credit Company,
John Doe I - John Doe X,

Defendants.

Paul A. Sortland, Esq. and Sortland Law Office, 33 Sixth Street South, Suite 4100, Minneapolis, MN 55402, counsel for plaintiffs.

Vernle C. Durocher, Jr., Esq., Thomas L. Nuss, Esq. and Dorsey & Whitney, 220 South Sixth Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on the motion of Ford Motor Credit Company to dismiss plaintiff's complaint and for attorneys' fees. Based on a review of the file, record, and proceedings herein, the court grants defendant's motion to dismiss in part and denies it in part and denies defendant's motion for attorneys' fees.

FILED JUN 27 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

**BACKGROUND**

This lawsuit is brought against Ford Motor Credit Company (hereinafter "defendant") by Anthony J. Bauer and Ann M. Bauer. The Bauers (hereinafter "plaintiffs") allege defendant violated various federal and state laws in attempting to collect a debt owed by Nadine Jackson, a woman allegedly unknown to plaintiffs. According to the complaint, in early March 1998, defendant's representatives began leaving messages on plaintiffs' answering machine regarding Jackson's automobile loan. The messages indicated that defendant believed Jackson was married to Anthony Bauer and lived in Bauer's home in Caledonia, a small town in southeastern Minnesota.

Plaintiffs advised defendant that they did not know Jackson, but defendant continued to pursue collection from plaintiffs. Defendant allegedly telephoned plaintiffs' neighbors as well as plaintiffs' relatives in North Dakota about Jackson, "implying that Anthony Bauer had a relationship, or even had married Nadine Jackson." Complaint § 8. The postmaster of Caledonia advised defendant that Jackson did not live in Caledonia. Despite this information, defendant hired both a private investigation service and a repossession agency to engage in further collection efforts. On August 18, 1998, an employee of the repossession agency attempted to repossess Ann Bauer's automobile, but left without the

vehicle after Ms. Bauer summoned the Houston County Sheriff to her home.

Plaintiffs originally filed this lawsuit in Houston County District Court but defendant removed the case to federal district court, asserting that this court has both diversity and federal question jurisdiction over this lawsuit. Defendant now moves for dismissal of the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**DISCUSSION**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint on various grounds, including failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court takes all facts alleged in plaintiff's complaint as true. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the court must construe the allegations in the complaint and reasonable inferences arising from the complaint in the light most favorable to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that support the claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). In other words,

a motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey, 44 F.3d at 671 (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

As a preliminary matter, the court notes that plaintiffs have submitted with their responsive pleadings five affidavits which purport to describe in greater detail the defendant's conduct and the response of plaintiffs, their neighbors and relatives to this conduct. "[A]ny written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings" constitutes "matters outside the pleading." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court, the court must convert the motion to one for summary judgment. See Fed. R. Civ. P. 12(b)(6); Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 931, 948 (8th Cir. 1999). Because this lawsuit is in its earliest stages, the court believes a motion for summary judgment is premature and will disregard the affidavits submitted by plaintiffs and treat this matter as a motion to dismiss on the pleadings.

Plaintiffs' complaint sets forth eight causes of action against defendant: violation of Fair Debt Collection Practices Act

(Count I), defamation (Count II), intentional and negligent infliction of emotional distress (Count III), invasion of privacy - intrusion upon seclusion (Count IV), invasion of privacy - publication of private facts (Count V), deceptive trade practices (Count VI), harassment and stalking (Count VII) and punitive and exemplary damages (Count VIII). Plaintiffs have indicated that they will not pursue the harassment, Fair Debt Collection Practices Act and Deceptive Trade Practices Act claims. Accordingly, the court dismisses Counts I, VI and VII with prejudice. Plaintiffs also concede in their brief that they cannot maintain a valid claim for intentional infliction of emotional distress, therefore that portion of Count III is also dismissed with prejudice. The remaining claims are still in dispute.

**I. Count II - Defamation**

Defendant asserts that plaintiffs have failed to plead their defamation claim with the requisite specificity. Defendant also contends that its statements are protected by qualified privilege.[1] Plaintiffs argue that their allegations are sufficient under the

[1] Defendant also argues in its reply brief that its statements were not defamatory and that plaintiffs' reputation in the community was not lowered by defendant's conduct. It bases these assertions on information contained in the affidavits of plaintiffs' neighbors and relatives submitted by plaintiffs. Because the court has excluded these materials from consideration, the court will not address these arguments.

Federal Rules of Civil procedure and Minnesota law, but are prepared to amend their complaint should the court require greater specificity.[2]

With respect to the qualified privilege argument, whether a qualified privilege exists is a question of law for the court to decide. See Bol v. Cole, 561 N.W.2d 143, 149 (Minn. 1997). For a defamatory statement to be protected by qualified privilege, "the statement must be made in good faith and 'must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or probable cause.'" Id. (quoting Stuempges v. Parke Davis & Co., 297 N.W.2d 252, 257-57 (Minn. 1980). At this stage of the lawsuit, there appear to be factual questions as to whether defendant acted in good faith and upon reasonable or probable cause. In the light of these questions, dismissal at this time would be premature.

With regard to defendant's contention that plaintiff has inadequately pleaded defamation, the Eighth Circuit Court of Appeals has noted that the federal courts favor specific pleading of defamation claims because "knowledge of the exact language used is necessary to form responsive pleadings." Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir. 1979). Similarly, under Minnesota defamation law the precise words complained of must

[2] A motion to amend the complaint has since been heard by Magistrate Judge Jonathan Lebedoff, who took the motion under advisement.

generally be set forth. See American Book Co. v. Kingdom Publ'g Co., 73 N.W. 1089, 1090 (Minn. 1898); but see Black v. Snyder, 471 N.W.2d 715, 720 (Minn. Ct. App. 1991) (holding that a former associate pastor adequately alleged defamation against her church based on its statements about her "inability to conduct her ministry efficiently," even absent specification of date, time, or place of alleged publication.)

Plaintiffs allege in their complaint that "[t]he actions of defendants, particularly phone calls to neighbors and relatives constitute defamation under the laws under the State of Minnesota." Complaint, § 22. Plaintiffs further allege that "[t]hese defamatory actions took place, mainly in March of 1998, wherein the caller, on behalf of Ford Motor Credit Co., implied to the recipient, being neighbors or relatives, that Nadine Jackson had been involved with or connected with Anthony Bauer, and that the Bauers were behind on their financial obligations." Complaint, § 23.

Although these allegations are likely sufficient to allow defendant to prepare responsive pleadings and conduct appropriate discovery, the general description of the allegedly offensive statements does not satisfy the specificity requirements under Asay. However, as plaintiffs correctly note, the Asay court reversed the district court's dismissal of the inadequately pleaded claim and in accord with the policy to liberally permit amendment,

it remanded the matter to allow plaintiff the opportunity to amend its claim. See 594 F.2d at 699. Therefore, the court denies the motion to dismiss the defamation claim in order to allow the magistrate judge to rule on plaintiffs' pending motion to amend.

**II. Count III - Negligent Infliction of Emotional Distress**

As a general rule, damages for mental distress cannot be sustained where there has been no accompanying physical injury. See Stadler v. Cross, 295 N.W.2d 552, 553 (Minn. 1980). However, in cases involving a direct invasion of the plaintiff's rights such as defamation, malicious prosecution, or other willful or malicious conduct, a plaintiff may seek damages for emotional distress. See State Farm Mut. Auto. Ins. Co. v. Village of Isle, 122 N.W.2d 36, 41 (Minn. 1963); Bohdan v. Alltool Mfg. Co., 411 N.W.2d 902, 907 (Minn. Ct. App. 1987).

Defendant refers the court to federal case law in which the court declined to recognize the "direct invasion of rights" exception to the physical injury requirement. See Meyer v. Tenvoorde Motor Co., 714 F. Supp. 991, 995-96 (D. Minn. 1989) (Magnuson, J.); see also Norton v. Caremark, Inc., 1991 WL 350754, *3 (D. Minn. July 15, 1991) (Magnuson, J.). In Meyer, the district court specifically declined to follow Bohdan and held that mental anguish is recoverable only as an element of damages under the law of defamation, not as a separate cause of action. 714 F. Supp. at 995-96; but see Schiele v. Charles Vogel Mfg. Co., Inc., 787 F.

Supp. 1541, 1555 (D. Minn. 1992) (Doty, J.) (following Bohdan and allowing plaintiff in a defamation action to maintain a separate claim for negligent infliction of emotional distress).

In the wake of these contrasting federal court opinions, the law in Minnesota remains unclear. In a subsequent Minnesota Supreme Court decision, Lickteig v. Alderson, Ondov, Leonard & Sween, 556 N.W.2d 557 (Minn. 1996), the court described the various theories under which a plaintiff could recover damages for emotional distress and appeared to indicate that a separate cause of action could not be maintained for emotional distress absent evidence of physical injury:

> In tort cases, emotional distress may be an element of damages in only three circumstances. First, a plaintiff who suffers a physical injury as a result of another's negligence may recover for the accompanying mental anguish. Langeland v. Farmers State Bank of Trimont, 319 N.W.2d 26, 31 (Minn. 1982). Second, a plaintiff may recover for negligent infliction of emotional distress when physical symptoms arise after and because of emotional distress, if the plaintiff was actually exposed to physical harm as a result of the negligence of another (the "zone-of-danger" rule). K.A.C., 527 N.W.2d at 559; Langeland, 319 N.W.2d at 31; Stadler v. Cross, 295 N.W.2d 552, 554 (Minn. 1980). Finally, a plaintiff may recover emotional distress damages when there has been a "direct invasion of the plaintiff's rights such as that constituting slander, libel, malicious prosecution, seduction, or other like willful, wanton, or malicious conduct." State Farm Mut. Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 368, 122 N.W.2d 36, 41 (1963). See also, M.H. v. Caritas Family Services, 488 N.W.2d 282, 290 (Minn. 1992); Hubbard, 330

> N.W.2d at 437-38; Langeland, 319 N.W.2d at 31-32.
>
> We have also recognized the independent tort of intentional infliction of emotional distress. Hubbard, 330 N.W.2d at 438. This independent tort differs from the "willful conduct" category above in that it can stand alone as a separate action, whereas in the "willful conduct" category, emotional distress is only an element of the damages arising from an intentional tort that constitutes a direct violation of the plaintiff's rights, such as defamation. [FN] This latter category is often referred to as "parasitic" damages in that the emotional distress damages are "insufficient in themselves to make the slander actionable, but once the cause of action is made out without them, they be tacked on as 'parasitic' to it." Richie v. Paramount Pictures Corp., 544 N.W.2d 21, 27 (Minn. 1996) (quoting W. Page Keeton, et al., Prosser and Keeton on the Law of Torts, Sec. 112, at 794-95 (5th ed. 1984)).

Lickteig, 556 N.W.2d at 560.

However, in M.H. v. Caritas Family Servs., 488 N.W.2d 282 (Minn. 1992), the Minnesota Supreme Court held that plaintiffs' motion to amend their complaint to add claims for intentional and negligent infliction of emotional distress was properly denied because plaintiffs had failed to allege a direct invasion of their rights by willful, wanton or malicious conduct. 488 N.W.2d at 290. This holding clearly implies that a plaintiff who presents sufficient evidence to sustain a claim for direct invasion of rights may also maintain a separate claim for negligent infliction of emotional distress.

Given the lack of clarity on this issue, the court holds as it did in Schiele that where plaintiffs can maintain a cause of action for a defamation or "other like willful, wanton, or malicious conduct," they are entitled under Minnesota law to proceed on their claim of negligent infliction of emotional distress.[3] Accordingly, defendant's motion to dismiss is denied as to this claim.

**III. Count IV - Invasion of Privacy - Intrusion Upon Seclusion**

Minnesota first recognized the tort of invasion of privacy in 1998. See Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231 (Minn. 1998). The specific tort of intrusion upon seclusion occurs when one "intentionally intrudes physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person." Lake, 582 N.W.2d at 233 (citing Restatement (Second) of Torts § 652B (1977)). The Restatement explains:

> There is ... no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff,

[3] In any event, it is clear that if plaintiffs do not prevail on their claims for direct invasion of their rights, their emotional distress damages are eliminated.

> that becomes a substantial burden to his existence, that his privacy is invaded.

Restatement (Second) of Torts § 652B cmt. d.

As the Restatement reflects, the court must examine both the nature (quality) as well as the pattern (quantity) of the defendants' actions in determining whether those actions constitute invasion of privacy. See Jones v. U.S. Child Support Recovery, 961 F. Supp. 1518, 1521 (D. Utah 1997).

Defendant relies on plaintiffs' affidavits to argue that its conduct falls short of invasion of privacy. However, those affidavits have been excluded from consideration here and the court believes plaintiffs' allegations in their complaint are sufficient to state a claim for intrusion upon seclusion. Accordingly, the court denies defendant's motion to dismiss as to this claim. See Morton v. Becker, 793 F.2d at 187 ("A motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.")

**IV. Count V - Invasion of Privacy - Publication of Private Facts**

Plaintiffs also claim that defendant invaded their privacy by making private facts public. Invasion of privacy by publication of private facts occurs when a party "gives publicity to a matter concerning the private life of another ... if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Lake,

582 N.W.2d at 233 (quoting Restatement (Second) of Torts § 652D). Defendant contends that its alleged actions did not constitute "publicity" as the term is understood in the context of an invasion of privacy claim.

According to the Restatement, publication of private facts means that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge ... Thus it is not an invasion of the right of privacy ... to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." Restatement (Second) of Torts § 652D cmt. a; see also C.L.D. v. Wal-Mart Stores, Inc., 79 F. Supp. 2d 1080, 1084 (D. Minn. 1999) (holding that employer's disclosure of plaintiff's abortion to a few co-workers did not constitute publicity sufficient to maintain an action for invasion of privacy).

It appears from plaintiffs' complaint that only a limited number of people were contacted by defendant's representatives although plaintiffs assert in their brief that in the small town of Caledonia, Minnesota, defendant's statement and insinuations were certain to reach a larger public. Without legal citation, plaintiffs contend this qualifies as publicity. However, as the Supreme Court of South Carolina aptly observed, "[s]uch an approach would effectively eviscerate the requirement that the defendant be

the one to have publicized the private information. If this approach were adopted, almost any form of gossip would be actionable, regardless of the discretion taken in its initial communication." Swinton Creek Nursery v. Edisto Farm Credit, 514 S.E.2d 126, 132 (S.C. 1999).

Nevertheless, some jurisdictions have recognized that communication to the public at large is not required in some instances because "disclosure to those persons with whom the plaintiff has a special relationship may be just as devastating as disclosure to many." See Miller v. Motorola, Inc., 560 N.E.2d 900, 903 (Ill. Ct. App. 1990); see also McSurely v. McClellan, 753 F.2d 88, 112 (D.C. Cir.), cert. denied, 474 U.S. 1005 (1985); Beaumont v. Brown, 257 N.W.2d 522, 531 (Mich. 1977) overruled in part on other grounds by Bradley v. Board of Educ. of Saranac Community Schs., 565 N.W.2d 650 (Mich. 1997). Therefore, until the parties have conducted discovery and can present evidence to the court on these issues, the court will deny defendant's motion to dismiss this claim.

**V. Attorneys' Fees**

Based on plaintiffs' voluntary dismissal of their claim under the Deceptive Trade Practices Act, defendant requests an award of costs attorneys' fees as the prevailing party. See Minn. Stat. Ann. § 325D.45 ("Costs shall be allowed to the prevailing party unless the court otherwise directs. The court may award attorneys'

fees to the prevailing party if (1) the party complaining of a deceptive trade practice has brought an action knowing it to be groundless.")

The court sees no indication that plaintiffs filed this claim with knowledge that it was groundless. Moreover, at this stage of the proceedings, there is no meaningful method to separate the costs of defending against the deceptive trade practices claim from defendant's overall expenditures to date. Therefore, defendant's motion for costs and attorneys' fees is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss plaintiffs' complaint is granted as to Counts I (Fair Debt Collection Practices Act), VI (deceptive trade practices) and VII (harassment and stalking) and the intentional infliction of emotional distress claim contained in Count III. Counts I, VI, VIII and the intentional infliction of emotional distress claim are dismissed with prejudice.

2. Defendant's motion to dismiss plaintiffs' complaint is denied as to Counts II (defamation), Count III (negligent infliction of emotional distress), Count IV (invasion of privacy - intrusion upon seclusion), and Count V (invasion of privacy - publication of private facts).

3. Defendant's motion for attorney fees is denied.

Dated: June 27, 2000

David S. Doty, Judge
United States District Court