**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ANTHONY J. BAUER AND ANN M. BAUER,**

**Plaintiffs,**

**v.**

**FORD MOTOR CREDIT COMPANY AND JOHN DOE I - DOE X,**

**Defendants.**

**Civil No. 00-389 (DSD/JGL)**

**O R D E R**

---

Paul A. Sortland, Esq., on behalf of Plaintiffs Anthony J. Bauer and Ann M. Bauer.

Thomas L. Nuss, Esq., on behalf of Defendants Ford Motor Credit Company and John Doe 1-Doe X.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 20, 2000, on a motion by Plaintiff for leave to amend the Complaint as provided in the Proposed Amended Complaint submitted with their moving papers. Plaintiffs seek to amend their Complaint to allege more specific statements concerning defamation, as well as punitive damages against Ford Motor Credit Company. Defendant Ford Motor Credit Company opposes Plaintiffs' motion in all

FILED 7-13-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

respects.

The Court addresses first Plaintiffs' motion for leave to amend their Complaint to allege more specific statements concerning defamation, specifically concerning the slander and other communications between Defendant Ford Motor Credit and the Plaintiffs.

Defendants assert that this motion is untimely under the terms of the pre-trial scheduling order and therefore it should be denied. For the reasons discussed during the hearing on this matter the Court rejects this argument. Furthermore, the Defendants submitted they were awaiting determination on their Fed. R. Civ. P. 12(b)(6) motion to dismiss, and pointed out that Plaintiffs' motion to amend could well be mooted by a grant of the Defendants' dispositive. The Court notes that in an Order dated June 27, 2000, the Honorable David S. Doty granted Defendants' motion to dismiss relative to the Courts I (Fair Debt Collection Practices Act, VI (deceptive trade practices ), and VII (harassment and stalking), as well as the intentional infliction of emotional distress claim. See June 27th Order at p. 15 (dismissal with prejudice). However, Judge Doty denied Defendants' motion to dismiss as to Counts II (defamation), Count III (negligent infliction of emotional distress), Count IV (invasion of privacy - intrusion upon seclusion), and Count V (invasion of privacy - publication of private facts). See June 27th Order at p. 15. Hence, the Plaintiffs' motion seeking leave to amend to allege more

specific statements concerning defamation has not been mooted as the defamation claim survived.

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). However, neither delay or dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit has found that leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held,

however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

The Court finds that Plaintiffs Anthony and Ann Bauer should be granted leave to amend their Complaint to allege more specific statement concerning defamation as provided in their Proposed Amended Complaint attached to their moving papers. The Court finds no undue delay, no bad faith or dilatory motive, nor has there been a repeated failure by Plaintiffs to cure by amendment as this is the first request for leave to amend their Complaint. Furthermore, the Court finds Plaintiffs' amendment is not clearly futile, and judicial economy dictates that the amendment should be allowed. As such, the Plaintiffs are granted leave to serve and file their Amended Complaint in the form attached to the Memorandum in Support of Motion to Amend Complaint.

As to the Plaintiffs' motion seeking leave to amend their Complaint to allege punitive damages against Ford Motor Credit Company, the Court notes the timeliness of what is undoubtedly an amendment for purposes of the pre-trial scheduling order. However, motions seeking leave to amend to allege punitive damages claims are not meant to be included in the general

amendment to pleadings category of the scheduling order considering the prima facie showing of deliberate disregard which must be made to support such an amendment. Because discovery in this case does not conclude until October 1, 2000, under the terms of the current pre-trial schedule in place in this case, the Court finds Plaintiffs' motion seeking leave to amend to allege punitive damages to be premature at this time. If, at the conclusion of the discovery period, Plaintiffs believe they can meet the strict requirements of Minn. Stat. §§ 549.191 and 549.20, they may move for leave to amend their Complaint to allege punitive damages at that time. Plaintiffs' motion to leave to amend their Complaint to allege punitive damages is, at this moment, denied without prejudice.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiffs' Motion for Leave to Amend their Complaint to allege more specific statements concerning defamation as provided in the Proposed Amended Complaint attached to their moving papers (Doc. No. 20) is **GRANTED**; and

2) Plaintiffs' Motion for Leave to Amend their Complaint to

allege punitive damages (Doc. No. 20) is **DENIED WITHOUT PREJUDICE**.

Dated: July ___, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge