**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ANTHONY J. BAUER and ANN M. BAUER,**

Plaintiffs,

v.

**FORD MOTOR CREDIT COMPANY and JOHN DOE I – JOHN DOE X,**

Defendants.

Civil No. 00-389 (DSD/JGL)

**ORDER**

APPEARANCES

Paul A. Sortland, Esq., for Plaintiffs.

Thomas L. Nuss, Esq. for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 17, 2000, on Plaintiff's Motion to Amend to Allege Punitive Damages (Doc. No. 36) and Defendant's Motion to Compel (Doc. No. 35). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

NOV 2 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

## I. INTRODUCTION

This litigation arises out of a series of communications made by Ford Motor Credit Company ("Ford") and its agents and employees. Ford made a series of telephone calls and other communications to Anthony and Ann Bauer of Caledonia, Minnesota, their neighbors and relatives, and a repossession company, alleging that Plaintiff Anthony Bauer was married to or otherwise associated with a Nadine Jackson of St. Paul, Minnesota. These communications implied that the Plaintiffs had financial difficulties or were behind in their payments to Ford. Although the Plaintiffs, their lawyer, their sheriff, and their postmaster all communicated to Ford that there had been a mistake, Ford continued to call the Plaintiffs and sent a repossession company to the Plaintiffs' property. In their pending motion, Plaintiffs seek leave of the Court to amend their Complaint to allege punitive damages, pursuant to Minn. Stat. §§ 549.191 and 549.20.

Due to the communications made by Ford, Plaintiff Ann Bauer asserts that she has suffered from loss of reputation and stress. In its current motion, Defendant requests an Order compelling Plaintiffs to disclose their legal costs and fees, which they allege have contributed to Plaintiff Ann Bauer's stress.

## II. DISCUSSION

### A. Punitive Damages

Plaintiffs seek leave of this Court to amend their Complaint to allege punitive damages. "In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the Laws of the State of Minnesota, must generally conform to the requisites of Minnesota Statutes Sections 549.191 and 549.20." Ulrich v. City of Crosby, 848 F. Supp. 861, 866 (D. Minn. 1994); see also, Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994). The United States District Court for the District of Minnesota has recognized that the Minnesota Legislature adopted the pleading requirements of Minn. Stat. § 549.191 in order to deter certain abusive practices and to address a perceived insurance crisis. See Olson v. Snap Products, Inc., 29 F. Supp. 1027, 1034 (D. Minn. 1998); Ulrich, 848 F. Supp. At 866-67.

A plaintiff who seeks to assert a punitive damages claim must first obtain leave of the Court to do so and must make a prima facie showing of entitlement. See Olson, 29 F. Supp. at 1034. "The plaintiff is not required to demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." Ulrich, 848 F. Supp. at 867 (citations omitted). Minnesota Statute § 549.191 provides in relevant part that "if the court finds prima facie evidence in support of

the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191.

In order to succeed on a punitive damages claim under Minnesota law, a plaintiff must show "clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20; see also Bunker v. Meshbesher, 147 F.3d 691, 696 (8th Cir. 1998) (citations omitted). The "clear and convincing" standard is "implicitly incorporated into the requirement that the movant present a prima facie case" of deliberate disregard. Swanlund v. Shimano Indus. Corp., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990). "A mere showing of negligence is not sufficient; instead, the conduct must be done with malicious, willful, or reckless disregard for the rights of others." Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan, 494 N.W.2d 261, 268 (Minn. 1992). Further, the statute provides that "a defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others," and either deliberately proceeds to act in intentional disregard of, or with indifference to, the high degree of probability of injury to the rights or safety of others. Minn. Stat. § 549.20.

In deciding whether to allow the amendment, "the Court makes no credibility rulings, nor does the Court consider any challenge,

by cross-examination or otherwise, to the Plaintiff's proof." Ulrich, 848 F. Supp. at 867. Furthermore, under Minnesota law, the court may not allow the amendment "where the motion and supporting affidavits 'do not reasonably allow a conclusion that clear and convincing evidence will establish [that] the defendant[s] acted with willful indifference'" to the rights or safety of others. Swanlund, 459 N.W.2d at 154 (quoting McKenzie v. Northern States Power Co., 440 N.W.2d 183, 184 (Minn. Ct. App. 1989)).

Defendants incorrectly argue that Plaintiffs must "prove that Ford Credit acted with 'deliberate disregard' for their rights." (Def. Mem. Opp. Pun. Dam. at 4.) (emphasis added.) Instead, the Plaintiffs must show clear and convincing evidence that reasonably allows a jury to conclude that Defendants acted with deliberate disregard, as defined by Minn. Stat. § 549.20. See Olson, 29 F. Supp. at 1036; Minn. Stat. § 549.20. In the present case, Plaintiffs have provided numerous affidavits presenting evidence that Defendant acted with deliberate disregard to their rights. Based upon Plaintiffs' affidavits, the Court finds that a jury could reasonably conclude that the Plaintiffs, their lawyer, their sheriff, and their postmaster notified Defendant Ford of the mistaken identity, and that Defendant Ford was told to stop its harassing phone calls to the Plaintiffs, their relatives, and their neighbors. After this notice, Plaintiffs' affidavits state that the harassing phone calls continued.

The Court concludes that Plaintiffs have shown clear and convincing evidence that would allow a jury to find that Defendants acted with deliberate disregard for the rights or safety of others, as defined in Minn. Stat. § 549.20 Subd. 1(b). There are no constitutional interests that limit state tort law recovery of punitive damages in a defamation action. See Dunn & Bradstreet, Inc. v. Greenmoss Builders, 472 U.S. 749, 763 (1985). Furthermore, punitive damages in defamation cases deter false, malicious, and provocative attacks upon a person's reputation. See Stuempges v. Parke Davis & Co., 297 N.W.2d 252, 259 (Minn. 1980) (citations omitted). Therefore, Plaintiffs' motion to amend their Complaint to allege punitive damages is granted.

**B. Motion to Compel**

Defendants seek an Order compelling Plaintiffs to disclose their legal costs and fees that they have incurred in this litigation. The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Furthermore, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

In the present case, certain deposition testimony suggests that Plaintiffs' legal costs have contributed to Plaintiff Ann Bauer's emotional distress. Plaintiffs argue that their fee arrangement is covered by the attorney-client privilege, and therefore they cannot disclose it. Minnesota Statute § 595.02(b) provides:

> An attorney cannot, without the consent of the attorney's client, be examined as to any communication made by the client to the attorney or the attorney's advice given thereon in the course of professional duty; nor can any employee of the attorney be examined as to the communication or advice, without the client's consent.

This Statute provides that the attorney cannot be examined as to any communication his client makes to him, nor as to any advice he gives to his client. A fee agreement does not fall under either of these prongs; it is not a disclosure by the client, nor is it advice by the attorney. Therefore, the Court finds that Minn. Stat. § 595.02(b) does not apply.

Although the Court finds that Plaintiffs' legal costs and fees are relevant in the context of discovery, see Hickman, 329 U.S. at 501, and are not protected by Minn. Stat. § 595.02(b), this Court makes no finding as to their admissibility at trial. That determination shall be made by the District Court Judge, if necessary. Thus, Defendants' Motion to Compel is granted as to disclosure, but denied as to Rule 37 sanctions.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion to Amend the Complaint to Allege Punitive Damages (Doc. No. 36) is **GRANTED.** Plaintiffs shall file the Amended Complaint no later than December 13, 2000; and

(2) Defendants' Motion to Compel (Doc. No. 35) is **GRANTED** as to disclosure and **DENIED** as to Rule 37 sanctions. Plaintiffs shall produce the requested documents no later than December 13, 2000, and said material shall be for the attorneys' eyes only.

Dated: November 22, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge